**CONVERTED, APPEAL**

# U.S. Bankruptcy Court
# Western District of Texas (El Paso)
# Bankruptcy Petition #: 20−31055−hcm

*Assigned to:* Bankruptcy Judge H. Christopher Mott
Chapter 7
Previous chapter 11
Original chapter 11
Voluntary

*Date filed:* 10/06/2020
*Date converted:* 05/13/2021
*341 meeting:* 06/28/2021

| | |
|---|---|
| *Debtor*<br>**Double H Transportation LLC**<br>14259 Rattler Point Dr.<br>El Paso, TX 79938<br>EL PASO−TX<br>Tax ID / EIN: 14−7466325 | represented by **Michael R. Nevarez**<br>The Law Offices of Michael R. Nevarez<br>P.O. Box 12247<br>El Paso, TX 79913<br>(915) 225−2255<br>Fax : (915) 845−3405<br>Email: MNevarez@LawOfficesMRN.com |
| *Trustee*<br>**Brad W. Odell**<br>Mullin Hoard & Brown, LLP<br>1500 Broadway, Suite 700<br>Lubbock, TX 79401<br>(806) 765−7491 | represented by **Brad W. Odell**<br>Mullin Hoard & Brown, LLP<br>1500 Broadway, Suite 700<br>Lubbock, TX 79401<br>(806) 765−7491<br>Fax : (806) 765−0553<br>Email: bodell@mhba.com |
| *Trustee*<br>**Ronald E Ingalls**<br>PO Box 2867<br>Fredericksburg, TX 78624−1927<br>(830) 321−0878 X 102 | |

| **Filing Date** | **#** | | **Docket Text** |
|---|---|---|---|
| 06/08/2021 | | 137 | Order Denying (related document(s): 132 Motion For Stay Pending Appeal filed by Michael R. Nevarez for Debtor Double H Transportation LLC (Attachments: # 1 Proposed Order)(Nevarez, Michael) (Related Document(s): 123 Order Converting Case to Chapter 7. ( Brad W. Odell removed from the case. Trustee Ronald E Ingalls added to the case. ) (Order entered on 5/14/2021))) (Order entered on 6/8/2021) (McGee, Maxine) |

**The relief described hereinbelow is SO ORDERED.**

**Signed June 08, 2021.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DOUBLE H TRANSPORTATION LLC | § | CASE NO. 20-31055-hcm |
| Debtor. | § | (Chapter 7) |

## ORDER DENYING MOTION FOR STAY PENDING APPEAL

On June 8, 2021, the Court conducted a hearing on the Initial Motion For Stay Pending Appeal and For Suspension and Continuation of Proceedings During Appeal ("Motion For Stay") (dkt# 132)[1] filed by Double H Transportation LLC ("Debtor"). The Motion seeks to stay the Order Converting Case to Chapter 7 entered by the Court on May 14, 2021 ("Conversion Order") (dkt# 123), pending the Debtor's appeal of the Conversion Order.

Appearing at the hearing on the Motion were counsel for the Debtor, the Chapter 7 trustee appointed in the Debtor's Chapter 7 case ("Chapter 7 Trustee"), the former Subchapter V trustee appointed during the Debtor's Chapter 11 case ("Subchapter V

---

[1] References to "dkt#" mean the docket number maintained in CM/ECF by the Clerk of the Bankruptcy Court.

1

Trustee"), counsel for the United States Trustee ("U.S. Trustee"), and counsel for Engs Commercial Finance Co. ("Engs").

The Court has considered the Motion For Stay, the record in this bankruptcy case, and the arguments and statements of the parties at the hearing. For the reasons set forth in this Order, the Court finds that the Motion For Stay should be denied.

**Procedural Background**

On October 6, 2020, Double H Transportation LLC (herein "Debtor") filed a voluntary Chapter 11 petition with the Court under Subchapter V of the Bankruptcy Code, which started this bankruptcy case no. 20-31055. The Debtor had filed a prior Chapter 11 case (bankruptcy case no.19-31830), which was dismissed by the Court on September 10, 2020. The Debtor turned around and refiled this new Chapter 11 case less than one month later in October 2020.

The Debtor is a small trucking company based in El Paso, Texas. The Debtor has only one tractor and one trailer.

In this second Chapter 11 case, the Debtor filed a proposed Plan of Reorganization dated January 4, 2021 ("Plan") (dkt# 62). On February 11, 2021, the Court conducted a hearing on confirmation of the Plan. Several objections were filed by creditors to the Plan. The Subchapter V Trustee also filed an objection to confirmation of the Plan. The Court denied confirmation of the Plan for multiple reasons, which were outlined in an Order Denying Confirmation of Plan of Reorganization and Setting Case Deadlines entered on February 11, 2021 ("Deadlines Order") (dkt# 84).

The Court then provided the Debtor with an opportunity to file another proposed plan--an Amended Plan--and set deadlines for the Debtor to file an Amended Plan and obtain confirmation of the Amended Plan. The Court also provided notice that if the

Amended Plan was not confirmed by May 14, 2021, or if confirmation of the Amended Plan was denied by the Court, it would constitute "cause" for conversion of the Chapter 11 case to a Chapter 7 case under section 1112(b) of the Bankruptcy Code. *See* Deadlines Order, p. 3 (dkt# 84).

The Debtor then filed a First Amended Plan of Reorganization on March 19, 2021 ("Amended Plan") (dkt# 97). Two unsecured creditors objected to confirmation of the Amended Plan: MHC Financial Services ("MHC") and Engs Commercial Finance Co. ("Engs").

On May 13, 2021, the Court conducted a hearing on confirmation of the Amended Plan and the objections thereto. The Court denied confirmation of the Amended Plan by order entered on May 14, 2021 ("Amended Plan Denial Order") (dkt# 122). The Court also converted the Debtor's Chapter 11 case to a Chapter 7 case by an Order Converting Case to Chapter 7 entered on May 14, 2021 (herein "Conversion Order") (dkt# 123), consistent with the Deadlines Order previously entered by the Court on February 11, 2021.

The Chapter 7 Trustee was then appointed for the Debtor's bankruptcy estate. A meeting of creditors in the Debtor's Chapter 7 case has been set for June 28, 2021. *See* Notice of Chapter 7 Bankruptcy Case (dkt# 124).

On May 27, 2021, the Debtor filed a Notice of Appeal of the Conversion Order and the Amended Plan Denial Order, to the U.S. District Court for the Western District of Texas ("District Court").

On May 28, 2021, the Debtor filed the instant Motion For Stay with this Court. The Motion for Stay seeks to stay the Conversion Order, which converted the Debtor's

3

Chapter 11 case to a Chapter 7 case. No offer of a bond or other security has been offered by the Debtor to obtain a stay pending appeal of the Conversion Order.

**Legal Standard for Stay Pending Appeal**

Procedurally, Rule 8007 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") governs a stay pending appeal from the bankruptcy court.[2] Rule 8007 stays are discretionary. Generally, Bankruptcy Rule 8007(a) provides that ordinarily a party must first move in the bankruptcy court for a stay of an order pending appeal. If a stay is denied by the bankruptcy court, a motion for stay pending appeal can then be made to the court where the appeal is pending (here, the District Court). *See* Bankruptcy Rule 8007(b).

The burden of demonstrating that a stay pending appeal should be granted is on the movant, here the Debtor. The decision to grant or deny a stay pending appeal is in the discretion of the court. The court should exercise its discretion based on what the Fifth Circuit has recognized as a four-part (or four-factor) test for issuance of a stay pending appeal. The four factors are: (1) whether the movant has made a showing of "likelihood of success" on the merits of the appeal, or at least a substantial case on the merits where a serious legal issue is involved and the balance of the equities weigh heavily in favor of a stay; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm other parties; and (4) whether the granting of the stay would serve the public interest. *See, e.g., Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001); *In re First South Sav. Ass'n,* 820 F.2d 700, 709 (5th Cir. 1987) (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982)); *see*

---

[2] Bankruptcy Rule 8007 was formerly numbered as Bankruptcy Rule 8005.

4

*also Silicon Hills Campus, LLC v. Tuebor REIT Sub, LLC,* 2021 WL 783554 (W.D. Tex. Mar. 1, 2021).

**Analysis of Factors**

The first factor is that the Debtor must show is a "likelihood of success on the merits" of its appeal. Here, the Debtor seeks a stay of the Court's order converting its Chapter 11 case to Chapter 7 liquidation case (the Conversion Order).

Section 1112(b) of the Bankruptcy Code governs conversion of a Chapter 11 case to a Chapter 7 case. 11 U.S.C. § 1112(b). Section 1112(b)(1) basically provides that the bankruptcy court "shall" convert a Chapter 11 case to Chapter 7 or dismiss a case if "cause" exists. A non-exclusive list of what constitutes "cause" for conversion is set forth in section 1112(b)(4). Particularly relevant here is section 1112(b)(4)(J), which provides that "cause" exists for conversion to Chapter 7 if a debtor fails to confirm a plan within the time fixed by the court. Section 1112(b)(4)(E) also provides that "cause" exists for conversion to Chapter 7 if a debtor fails to comply with an order of the court.

Here, the Court set a deadline of May 14, 2021, for the Debtor to obtain confirmation of an Amended Plan. *See* Deadlines Order entered on February 11, 2021 (dkt# 84). The Court gave the Debtor about three months to confirm an Amended Plan, after the Court denied confirmation of the first Plan filed by the Debtor. In the Deadlines Order, the Court also provided notice and set forth the consequences of not obtaining confirmation of the Amended Plan by May 14, 2021, or denial of confirmation of the Amended Plan--it would constitute "cause" for conversion of the Debtor's case to Chapter 7 under section 1112 of the Bankruptcy Code.

5

The Court then conducted a hearing on May 13, 2021, on confirmation of the Amended Plan filed by the Debtor. The Court denied confirmation of the Amended Plan by order entered May 14, 2021 (herein "Amended Plan Denial Order") (dkt# 122). So, "cause" definitively existed under section 1112(b)(4)(J) of the Bankruptcy Code for the Court to convert the Debtor's case to a Chapter 7 case. It is well established that a bankruptcy court has the authority to dismiss or convert a case to Chapter 7 *sua sponte*, after notice. See 11 U.S.C. § 105(a); *Hammers v. I.R.S. (In re Hammers)*, 988 F.2d 32, 34-35 (5th Cir. 1993); *Labankoff v. U.S. Trustee (In re Labankoff)*, 2010 WL 6259969, at *5 (B.A.P. 9th Cir. June 14, 2010) (collecting cases).

Here, the Court also decided that conversion of the Debtor's Chapter 11 case to Chapter 7 (and not dismissal of the Chapter 11 case) was in the best interests of creditors and the estate under section 1112(b) of the Bankruptcy Code. This was because the Debtor already had one prior Chapter 11 case that was unsuccessful and was dismissed, and then immediately filed this second Chapter 11 case where two plans of reorganization were proposed and denied.

On appeal, the standard of review of an order of the bankruptcy court dismissing or converting a Chapter 11 case to Chapter 7 under section 1112 of the Bankruptcy Code is "abuse of discretion". See *Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture)*, 936 F.2d 814, 816 (5th Cir. 1991); *Koerner v. Colonial Bank (In re Koerner)*, 800 F.2d 1358, 1368 (5th Cir. 1986).

As a result, the likelihood of success on the merits of appeal by the Debtor of the Order converting the Debtor's Chapter 11 case to Chapter 7 (the Conversion Order)--which is the Order the Debtor wants stayed pending appeal--seems unlikely to this Court.

The Debtor has also appealed the Order of this Court which denied confirmation of its Amended Plan (herein "Amended Plan Denial Order") (dkt# 122). The Court denied confirmation of the Amended Plan for multiple independent reasons, which were set forth on the record by the Court at the hearing on May 13, 2021.

Following is a summary of the multiple independent reasons that the Court denied confirmation of the Debtor's Amended Plan:

(1) The Amended Plan filed by the Debtor provided that "ZERO" would be paid to unsecured creditors in Classes 3 and 4. As a result, under section 1126(g) of the Bankruptcy Code, such unsecured creditors in Classes 3 and 4 are deemed to not have accepted the Amended Plan by operation of law. *See* 11 U.S.C. § 1126(g). MHC (holder of a substantial unsecured claim against the Debtor in the amount of about $87,000) also voted to reject the Amended Plan as a Class 3 creditor.[3] MHC also filed an objection to confirmation of the Amended Plan. Engs (who is owed about $220,000 by the Debtor) also filed objections to confirmation of the Amended Plan.

(2) The Court determined that the Amended Plan could not be confirmed under the "cramdown" provisions of section 1191(b) of the Bankruptcy Code, which requires that a plan be "fair and equitable" with respect to unsecured creditors in Classes 3 and 4. This determination was made by the Court for several reasons. One, the Debtor did not prove, by credible evidence, that it was proposing to pay all projected disposable income to creditors as required under section 1191(c) of the Bankruptcy Code. Two, the Court was provided with repeatedly inconsistent figures on the Debtor's projected disposable income by the Debtor. Three, no testimony regarding projected disposable income (income or expenses) was received from the Debtor or its principals at the hearing; instead a paralegal that had prepared numerous different spreadsheets was the only person that testified at the confirmation hearing. In short, the Debtor did not meet its burden of proof at the confirmation hearing that the Debtor was paying all projected disposable income as required under section 1191(b) and (c) of the Bankruptcy Code to make the Amended Plan "fair and equitable". *See* 11 U.S.C. § 1191(b), (c), (d).

---

[3] The Debtor has suggested that MHC's vote rejecting the Amended Plan should not be counted, because MHC's ballot was received by counsel for the Debtor by email, and not regular mail. The Court disagrees with this suggestion. But regardless of whether MHC's vote is counted, MHC and Class 3 creditors are deemed to have not accepted the Amended Plan by operation of law since the Amended Plan proposed to pay nothing to such creditors. *See* 11 U.S.C. § 1126(g).

(3) The Court also denied confirmation of the Amended Plan because it was not feasible--a plan confirmation requirement under section 1191(c)(3)(A). *See* 11 U.S.C. § 1191(c)(3)(A)(i), (ii). In short, the Debtor's own projections in the Amended Plan mailed to creditors showed negative cash flow in the year 2022 and barely positive cash flow in the year 2023. The Debtor's monthly operating reports during the bankruptcy case showed negative cash flow in two of six months, without paying any administrative or priority claims. Then at the confirmation hearing, it was disclosed that the one truck owned by the Debtor had broken down and required $5700 in immediate repairs, which would make the cash flow of the Debtor go from bad to worse.

(4) The Court also found that it was not proper for the Debtor to try and modify its Amended Plan by filing a lengthy Memorandum of Legal Authorities which attached several sets of new projections ("Legal Memorandum") (dkt# 115). This filing did not comply with section 1193(a) of the Bankruptcy Code--which requires that a debtor file a Modification to modify a plan. *See* 11 U.S.C. § 1193(a). In short, a lengthy, mostly boiler-plate Legal Memorandum is not a Modification to a plan under the Bankruptcy Code. The Court also denied the oral request of the Debtor made at the May 13, 2021 hearing to file a Modification to the Amended Plan, as the Court had set a deadline of May 14, 2021, for the Debtor to actually confirm its Amended Plan. Filing a Modification would have required another hearing and additional notice to creditors. *See* Bankruptcy Rule 3019(a).

(5) The Court also denied confirmation of the Amended Plan because it was not proposed in good faith, as required by section 1129(a)(3) of the Bankruptcy Code. Basically, the Debtor filed a Plan in January 2021 that proposed to pay all unsecured creditors in full, then about two months later the Debtor filed the Amended Plan that proposed to pay unsecured creditors zero.

(6) The Court also denied confirmation of the Amended Plan as it contained inconsistent and conflicting treatment of unsecured creditors. In most places the Amended Plan says unsecured creditors will be paid ZERO, and then in paragraph 29 of the Amended Plan it states that the Debtor anticipated having enough revenue to pay all unsecured creditors. *See* Amended Plan, ¶¶ 18(b), 29 (dkt# 97).

(7) The Court also denied confirmation of the Amended Plan because the Debtor had provided inadequate notice of the Amended Plan and the Debtor's second bankruptcy case to creditors of the Debtor, which came to light at the confirmation hearing. Engs is a major creditor, and holds an unsecured deficiency claim against the Debtor for about $220,000. Yet the Debtor used an old mailing address for Engs and did not use the correct address which was set forth by Engs in the Proof of Claim it filed in the Debtor's first bankruptcy case. As a result, the mailing to Engs by the Debtor

8

of its second bankruptcy case was returned and Engs did not get notice of the Debtor's second bankruptcy case when it was filed or the Debtor's Amended Plan when it was filed. At the last minute, by happenstance, bankruptcy counsel for Engs found out about the Debtor's second bankruptcy case and the hearing on the Amended Plan. A similar situation occurred to MHC, another substantial creditor--the Debtor was using MHC's old mailing address. So, the Debtor was about 8 months into its second bankruptcy case and still had not provided adequate notice of its bankruptcy case or the Amended Plan to major creditors.[4]

At bottom, the Debtor had the burden of proof to show that all plan confirmation requirements of the Bankruptcy Code were met with respect to its Amended Plan. The Debtor did not meet its burden of proof at the May 13, 2021 confirmation hearing on the Amended Plan, so confirmation was denied by the Court.

As a result, the likelihood of success on the merits of appeal by the Debtor of the Order denying confirmation of the Amended Plan (the Amended Plan Denial Order)--also seems unlikely to this Court.

At the hearing on the Motion for Stay in this Court, the Debtor's counsel suggested that there were "novel" issues involved in its appeal. The Debtor's counsel did not elaborate on what those "novel" issues were. Furthermore, the Debtor has yet to file its statement of issues on appeal. Under Bankruptcy Rule 8009(a)(1), the Debtor (as appellant) must file a statement of issues and designation of the record with the bankruptcy clerk within 14 days after filing its notice of appeal. Here, the Debtor filed its Notice of Appeal on May 27, 2021, so its statement of issues and record designation will be due by June 10, 2021. And the Court sees nothing "novel" about an order converting

---

[4] *See* Bankruptcy Rule 2002(b) (requiring notice of at least 28 days be given to all creditors of a hearing on confirmation of a Chapter 11 plan); Bankruptcy Rule 2002(f)(1) (requiring notice be given to all creditors of the order for relief, which is a voluntary bankruptcy petition).

9

a bankruptcy case to Chapter 7, when the Debtor has had multiple unsuccessful attempts at reorganization in two different bankruptcy cases.

In sum, in this Court's view—the Debtor has not met the first factor for a stay pending appeal. The Debtor has not shown a likelihood of success on the merits of the appeal--or even the lesser "substantial case" on the merits standard with the balance of the equities weighing heavily in favor of a stay. So, this first, and very important factor, weighs strongly against granting the Debtor a stay of the Conversion Order.

The second factor for a stay pending appeal is whether the Debtor has shown "irreparable injury" if a stay is not granted. The Debtor basically argues that it will be irreparably injured as in Chapter 7 liquidation, the Debtor will cease operations and its assets will be liquidated.

The Debtor is correct that conversion to Chapter 7 results in the shutdown of its operations and liquidation of its assets by a Chapter 7 trustee. In some sense, this causes harm to the Debtor as an operating entity and in this case also causes some harm to the individual shareholders of the Debtor, who are in their own Chapter 13 bankruptcy case.

Here, the Court did not lightly convert the Debtor's Chapter 11 case to Chapter 7. The Court gave the Debtor and its shareholder employees two chances to confirm a reorganization plan in this second Chapter 11 case. And the Debtor had a prior Chapter 11 case that was unsuccessful. Three chances--two in this Chapter 11 case and once in the prior Chapter 11 case--is simply enough.

Conversion to Chapter 7 always means that a debtor's business will be closed and a debtor's assets will be liquidated. Section 1112(b) of the Bankruptcy Code expressly provides that a Chapter 11 case will be converted to Chapter 7 under the circumstances that existed in the Debtor's case. And courts have consistently denied stays of orders

converting a Chapter 11 case to a Chapter 7 case, even though conversion to Chapter 7 means a debtor's assets will then be liquidated by a Chapter 7 trustee. *See, e.g., In re Harenberg*, 491 B.R. 706, 716-20 (Bankr. D. Md. 2013); *see also In re McInerney*, 490 B.R. 540, 544-48 (Bankr. E.D. Mich. 2013); *In re Innovative Commc'ns*, 390 B.R. 184, 187-90 (Bankr. D. V.I. 2008); *In re Neighbors*, 2016 WL 805906, at *2-3 (Bankr. D. Kan. Mar. 1, 2016); *In re Ricks*, 2015 WL 7450922, at *1-5 (Bankr. D. Idaho Nov. 23, 2015); *In re Barry*, 2010 WL 411094 (Bankr. E.D.N.Y. Jan. 27, 2010); *In re Frumusa*, 2009 WL 2843279, at *1-3 (Bankr. W.D.N.Y. Aug. 12, 2009); *In re Arm-Food Inc.*, 2006 WL 4458373 (Bankr. N.D. Ohio June 1, 2006).

In sum, in this Court's view--the second factor, at best, weighs slightly in favor of a stay pending appeal.

The third factor for a stay pending appeal is whether a granting of a stay would cause substantial harm to other parties. Here, the other parties are the creditors of the Debtor and the trustees appointed in the Debtor's bankruptcy case.

Here, unsecured creditors like MHC and Eng, have had to spend much time and effort through attorneys in the two failed Chapter 11 cases of the Debtor. Other creditors have spent time and money through attorneys as well. To grant a stay pending appeal-- and effectively leave the Debtor's case floating in Chapter 11 while the Debtor appeals the order converting the case to Chapter 7--would cause increased harm to such creditors by spending even more in legal fees in this relatively small bankruptcy case.

Staying the order converting the case to Chapter 7 would also put the trustees and all creditors in an untenable and uncertain position. Basically, if a stay were granted, the Debtor would be in nirvana--it would be able to float along in a suspended Chapter 11 case with no deadlines or requirements--and this is the Debtor's second Chapter 11 case.

11

Creditors would not be sure who to deal with--a Chapter 7 trustee because of the order converting the case to Chapter 7, or the Debtor because it got the conversion order stayed while it continued to float in Chapter 11. Creditors would continue to incur legal fees in the bankruptcy case if the Court were to stay the conversion order. A Subchapter V Trustee may also have to be reappointed with uncertain duties and responsibilities, if a stay of the conversion order were granted.

In sum, in this Court's view--the third factor weighs against granting a stay pending appeal.

The fourth factor for a stay pending appeal is whether a stay would "serve the public interest". Public interest concerns are easier to see in cases like *Ruiz*-where the Fifth Circuit dealt with a stay pending appeal that affected the condition of public prisons. *See Ruiz,* 666 F.2d at 856.

Public interest is not so easy to identify in this type of bankruptcy case that involves economic interests of the Debtor, its creditors, and bankruptcy trustees. Looking at public policy, the Bankruptcy Code provided the Debtor with the *opportunity* to reorganize its financial affairs and obtain a fresh start. Section 1112 of the Bankruptcy Code also contains a public policy of ending reorganization when the reorganization efforts have repeatedly failed.

Here, the Debtor has been given three opportunities to reorganize--once in its first bankruptcy case and twice with proposed reorganization plans in this second bankruptcy case. Three opportunities are enough to serve any public interest.

In sum, in this Court's view--the fourth factor weighs against granting a stay pending appeal.

**Lack of Security or Bond**

Finally, the Court also notes that the Debtor has made no offer of a bond or security to obtain a stay pending appeal. *See* Bankruptcy Rule 8007(a)(1)(B) (permitting a party to move for bankruptcy court approval of a bond or other security to obtain a stay); Bankruptcy Rule 8007(c) (permitting an appellate court to condition relief on the filing of a bond or other security with the bankruptcy court).

**Conclusion**

In conclusion and for these many reasons, after balancing the equities and considering the relevant factors for issuance of a stay, this Court finds that the Motion For Stay filed by the Debtor should be denied, and that the following Order should be entered.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Initial Motion For Stay Pending Appeal and For Suspension and Continuation of Proceedings During Appeal ("Motion For Stay") (dkt# 132) filed by the Debtor is hereby DENIED.

2. The Order Converting Case to Chapter 7 entered on May 14, 2021 ("Conversion Order") (dkt# 123) is not stayed by this Court.

3. If the Debtor desires to stay the Conversion Order, the Debtor should immediately seek a stay from the District Court.

# # #